UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE MOURNING,<br><br>                              Plaintiff,<br>v.<br>WILLIAM GORE et al.,<br>                            Defendants. | Case No.: 3:18-cv-02245-WQH-RBM<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:**<br><br>**1. DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. 6];**<br><br>**2. GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [Doc. 8];**<br><br>**3. DENYING PLAINTIFF'S REQUEST TO CERTIFY CLASS [Doc. 8];**<br><br>**4. DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL [Doc. 10].** |

## I. INTRODUCTION

Jeffery Lee Mourning ("Plaintiff"), a California pre-trial detainee proceeding *in pro per* and *in forma pauperis*, has filed a Motion for Summary Judgment (Doc. 6), a Motion for Leave to Amend the Complaint (Doc. 8), a request to certify this lawsuit as a class action (Doc. 8), and a Motion to Appoint Counsel (Doc. 10). The matters were referred to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings

1

and supporting documents, this Court respectfully recommends that: (1) Plaintiff's Motion for Summary Judgment be **DENIED**, without prejudice (Doc. 6); (2) Plaintiff's Motion for Leave to Amend be **GRANTED**, with instructions to file an amended pleading within the objections period for this Report and Recommendation (Doc. 8); Plaintiff's request for class certification be **DENIED** (Doc. 8); and (4) Plaintiff's Motion to Appoint Counsel be **DENIED**, without prejudice (Doc. 10).

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff is a homeless veteran who receives monthly non-service connected United States Veterans' Administration ("V.A.") pension checks. (Doc. 6, at 1.) Because he does not have a permanent address, Plaintiff normally receives his pension checks at a church in San Diego, California. (*Id.*) On July 13, 2018, Plaintiff was arrested by San Diego law enforcement officers on suspicion of felony vandalism, and his bail was set at $45,000. (Doc. 6, at 1; Doc. 1, at 6.) Shortly thereafter, Plaintiff was transferred to the George Bailey Detention Facility ("GBDF") in San Diego, California. (*See* Doc. 1, at 6; Doc. 6.) While being held as a pretrial detainee, Plaintiff made several requests of GBDF staff to place a phone call to either the V.A., or his social worker at the church, so he could re-route his pension checks to GBDF. (Doc. 6, at 3; Doc. 1, at 6-7.) However, the telephone system at GBDF, provided by Securus Telephone Company, did not allow outgoing phone calls to 1-800 numbers; this restriction prevented Plaintiff from calling the 1-800 number for the V.A. (Doc. 6, at 4-5.) Although Plaintiff was allowed to write letters, he was prohibited from using a different telephone system to contact either the V.A. or his social worker. (Doc. 6, at 2-3; Doc. 1, at 6-7.) As a result, Plaintiff did not receive his pension checks for approximately three months—until he wrote his local congressman, who was able to reach out to the V.A. and re-route the checks to GBDF. (Doc. 6, at 5.) Because he did not receive his pension checks in time, Plaintiff was unable to post bail or retain private counsel of his choosing, although he was appointed counsel by the state court. (Doc. 6, at 6; Doc. 1, at 7.)

///

On September 26, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985, alleging violations of the Fourteenth Amendment and interference with his right to counsel. (Doc. 1.) Plaintiff names San Diego County Sheriff William Gore and Securus Telephone Company as defendants (*Id.*, at 4-5), and prays for declaratory and injunctive relief (*Id.*, at 10-11). Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2), which was granted on January 3, 2019, with instructions to the U.S. Marshal to effect service of the Complaint on the named Defendants (Doc. 3). On February 1, 2019, Sheriff Gore was served. (Doc. 11.) On February 12, 2019, Plaintiff filed a Motion for Summary Judgment. (Doc. 6.) On February 13, 2019, Plaintiff filed two more motions: the first, to amend the Complaint to include a demand for damages and certify his lawsuit as a class action (Doc. 8); and the second, to appoint counsel (Doc. 10).

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment as to all of the claims contained in his Complaint. (Doc. 6.) However, the motion is premature given the procedural posture of the case, and Plaintiff has failed to carry his burden of proof. Therefore, it is respectfully recommended that the Court deny Plaintiff's Motion for Summary Judgment without prejudice.

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "There is no requirement that the trial judge make findings of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rather, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the claim or defense identified by the movant. Fed. R. Civ. P. 56(a); *Liberty Lobby*, 477 U.S. at 250-51 ("If reasonable minds could differ as to the import of the evidence," judgment should not be entered in favor of the moving party).

In determining whether there is a genuine issue for trial, "a court must view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 134 S. Ct.

1861, 1866 (2014); *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). Further, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [s]he is ruling on a motion for summary judgment or for a directed verdict." *Liberty Lobby, Inc.*, 477 U.S. at 255.

"When the party seeking summary judgment would bear the burden of proof at trial, [he] must come forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial.... In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and quotations omitted). A moving party cannot establish a sufficient basis for summary judgment simply with argumentative assertions in legal memoranda, and generalized references to evidence are likewise insufficient. *S.A. Empresa, Etc. v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982); Fed. R. Civ. P. 56(c), (e).

"Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." *See* FED. R. CIV. P. 56 Advisory Committee's Notes (2010 Amendments Subdivision (b)). Indeed, courts have denied pre-answer and pre-discovery motions for summary judgment as premature despite technical compliance with the timing provisions of Rule 56. *See Williams v. Yuan Chen*, No. S–10–1292 CKD P, 2011 WL 4354533, at *3 (E.D. Cal. Sept. 16, 2011) (denying the plaintiff's motion for summary judgment as premature where the defendant had not yet filed an answer and the court had not issued a discovery order); *see also Waters v. Experian Info. Solutions, Inc.*, Case No. 12–cv–0308–AJB (RBB), 2012 WL 1965333, at *4 n. 2 (S.D. Cal. May 31, 2012) (stating "[t]his Court typically finds pre-answer summary judgments premature and unhelpful"); *Moore v. Hubbard*, No. Civ S–06–2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending the plaintiff's motion for summary judgment be denied as

premature where "discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order"); *Frederick v. Capital One Bank (USA), N.A.*, No. 14–cv–5460 (AJN), 2015 WL 5521769, at *12 (S.D.N.Y. Sept. 17, 2015) (denying plaintiff's motion for summary judgment as premature where the defendant had not yet filed an answer).

Here, Plaintiff filed his Motion for Summary Judgment on February 12, 2019, eleven days after service of his Complaint had been executed as to one of the named Defendants in this lawsuit. Although Plaintiff's Motion for Summary Judgment technically meets the timing requirements of Federal Rule of Civil Procedure 56(a), the motion is premature. As it stands, no defendant has made an appearance, no responsive pleadings have been filed, the Court has not yet issued an order regulating discovery, and the parties have not submitted a joint discovery plan.

Furthermore, Plaintiff has failed to include any evidence that could support his requested grant of summary judgment. Plaintiff has included a paragraph at the end of his Motion declaring the truth of the statements therein "and if found not to be true will [sic] subject [him] to punishment." (Doc. 6, at 7.) However, he has failed to "[cite] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ... admissions, interrogatory answers, or other materials ..." *See* Fed. R. Civ. P. 56(c). Plaintiff has submitted a "sworn" motion that contains argumentative assertions in legal memoranda, and generalized references to evidence. Plaintiff cannot support his allegations, because as discussed above, discovery has not yet commenced, no responsive pleadings have been filed, and neither of the defendants has made an appearance. And, because no appearances have been entered, none of the defendants have an opportunity to respond. At this stage of the proceedings, when a factual record has yet to be created, Plaintiff cannot carry his burden of proof. Accordingly, it is respectfully recommended that the Court **DENY** Plaintiff's Motion for Summary Judgment, without prejudice. (Doc. 6.)

///

## IV. PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff requests leave to amend the Complaint to add a prayer for damages and class action allegations. (Doc. 8.) Although he has not complied with the Local Civil Rule requiring him to submit a copy of his proposed amended pleading, Plaintiff has included the specific language he intends to insert in his amended Complaint. (*Id.*, at 3-5). Given the policies to liberally construe the pleadings of *pro se* civil rights litigants, (*see Hebbe v. Pliler*, 627 F.3d 338, 342 & n. 7 (9th Cir.2010)), and of liberally granting leave to amend, (*see* Fed. R. Civ. P. 15(a)(2)), it is respectfully recommended that the Court grant Plaintiff's Motion for Leave to Amend, order Plaintiff to file an amended pleading within the objection period for this Report and Recommendation.

At the time of writing, it does not appear that Plaintiff technically needs leave to amend his Complaint. Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within "21 days of serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [motion to dismiss], whichever is earlier." Plaintiff served his Complaint on February 1, 2019, which would mean his window for filing an amended complaint pursuant to Rule 15(a)(1)(A) would elapse on February 22, 2019; the window pursuant to Rule 15(a)(1)(B) would conceivably elapse on March 24, 2019. (Doc. 11.) However, because of the thirty-day period during which either party may object to this report and recommendation, and Plaintiff's status as an incarcerated *pro se* litigant, Plaintiff would not realistically be able to comply with either deadline. Therefore, it would be appropriate to construe Plaintiff's Motion as seeking leave of court to file an amended complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "leave [to amend a party's pleadings] shall be freely given when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The rule should be interpreted and applied with "extreme liberality," *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991), and leave to amend "should be granted unless amendment would cause prejudice to

the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying these factors). Prejudice is the most important factor. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

However, the Civil Local Rules for the Southern District of California impose additional requirements on parties seeking to amend their pleadings. For example, "[e]very pleading to which an amendment is permitted ... must be complete in itself without reference to the superseded pleading. Civ. L. R. 15.1(a). Additionally, "[a]ny motion to amend a pleading must be accompanied by (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." Civ. L. R. 15.1(b)

Here, the same reasons that justify denying Plaintiff's summary judgment motion justify granting Plaintiff leave to amend. Under these circumstances, an amendment would not prejudice the opposing parties, because neither defendant has made an appearance, only one of them has been recently served, no responsive pleadings have been filed, a scheduling order has not issued, and discovery has not commenced. It does not appear that the amendment is sought in bad faith, because Plaintiff seeks only to augment his prayer for relief and add class allegations; there is no indication of gamesmanship. The amendment would not be futile, because a prayer for damages is necessary for an award of damages, and class allegations are required for class certification. Finally, the amendment would not create undue delay, because the lawsuit is still in the pleading stages of litigation, and a scheduling order has not yet issued. However, the Court cannot be expected to lift language from various pleadings and motions and construct an amended complaint. It is Plaintiff's responsibility to file an amended pleading with his motion, and Plaintiff has failed to do

so.

Accordingly, it is respectfully recommended that the Court **GRANT** Plaintiff's Motion for Leave to Amend, and order Plaintiff to file an amended pleading within the objection period for this Report and Recommendation. (Doc. 8.)

## V. PLAINTIFF'S MOTION TO CERTIFY CLASS

Plaintiff's Motion to Amend the Complaint contains a request to certify this lawsuit as a class action. (Doc. 6, at 4-5.) Plaintiff proposes that the class be composed of "similarly situated American veterans who collect incomes from the United States Treasury Department as non-service connected and service connected veterans,..." (*Id.*, at 5.) However, Plaintiff has failed to establish the class certification prerequisites of Federal Rule of Civil Procedure 23(a). Therefore, it is respectfully recommended that the Court deny Plaintiff's Motion.

Federal Rule of Civil Procedure 23(a) establishes four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Numerosity is satisfied if the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). Commonality is satisfied if "there are any questions of fact or law common to the class." Fed. R. Civ. P. 23(a)(2). Commonality involves whether plaintiffs can show a common contention such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Typicality is satisfied if the class representatives' claims are typical of those of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). The adequacy requirement is satisfied if the class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth

Circuit requires an evaluation of two factors: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d at 1011, 1020 (9th Cir. 1998).

The party seeking class certification must submit evidence to establish each of the prerequisites and grounds for the class action, such as declarations or other admissible evidence showing numerosity, commonality, typicality, and the adequacy of the class representative. *Marlo v. United Parcel Service, Inc.* 639 F.3d 942, 947 (9th Cir. 2011). "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) …" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The party must be "prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Certification is only proper if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 161 (1982). The Court may properly consider the allegations of the Complaint in determining the existence of the prerequisites and grounds for class certification. *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975).

Here, Plaintiff has failed to submit evidence or make allegations sufficient to justify class certification. The Complaint contains the allegation that the Defendants maintain policies which restrict veterans from contacting the V.A. office to have monthly entitlement pensions re-routed to GBDF; this in turn results in constitutional deprivations. (Doc. 1, at 2-3.) Plaintiff's Motion for Summary Judgment states that Plaintiff is part of a class of plaintiffs who are similarly situated veterans receiving United States Treasury V.A. pensions for both non-service connected and service connected disabilities. (Doc. 6, at 3-4.) Plaintiff makes similar allegations in his Motion to Amend the Complaint (Doc. 8, at 4-5), and in his Motion to Appoint Counsel (Doc. 10, at 4). However, these allegations are the sum total of Plaintiff's justification for class certification. Plaintiff has failed to

9

affirmatively demonstrate that each of the certification prerequisites are satisfied because Plaintiff has not set forth any evidence in support of his motion. The numerosity requirement is unsatisfied because even though Plaintiff alleges the existence of the class, he has failed to show even an estimate of the number of class members. The commonality requirement is unsatisfied because Plaintiff has failed to show a common contention among class members, or that determination of its truth or falsity would resolve any common issues. The typicality requirement is unsatisfied because Plaintiff has failed to show that any other members in his proposed class have suffered the same or similar injury, whether the action is based on conduct not unique to Plaintiff, or whether other members of the proposed class have been injured by the same course of conduct. Finally, the adequacy of the class representative requirement is unsatisfied because Plaintiff has failed to show that neither he nor any proposed counsel have any conflicts of interest with other class members, or that he or any proposed counsel could prosecute the action vigorously on behalf of the class. Plaintiff has failed to carry his burden of demonstrating that the requirements of Federal Rule of Civil Procedure 23(a) have been satisfied. Accordingly, it is respectfully recommended that the Court **DENY** Plaintiff's request for class certification. (Doc. 8.)

## VI. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff moves the Court to appoint counsel to represent him in this matter. Doc. 10.) However, Plaintiff has shown he is capable of litigating this case *pro se*, and Plaintiff could arguably prove his case on his own if he were able to produce sufficient evidence. Therefore, it is respectfully recommended that the Court deny Plaintiff's Motion to Appoint Counsel. (Doc. 10.)

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether

"exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive but instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, 2014 U.S. Dist. LEXIS 72791 *1 n.1 (E.D. Cal. May 28, 2014) ("Counsel is appointed in civil cases such as this only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, 2010 U.S. Dist. LEXIS 53053 *3 (D. Ariz. May 3, 2010) ("[A]ppointment of counsel in a civil case is rarely invoked . . ."); *see also Schwartzmiller v. Roberts*, 1994 U.S. Dist. LEXIS 1620 *3 n.1 (D. Or. Feb. 11, 1994) ("It is extremely rare that indigent civil defendants are appointed counsel in judicial proceedings").

Here, it does not appear that exceptional circumstances exist to justify the appointment of counsel at this stage of the litigation. It is difficult to determine Plaintiff's likelihood of success on the merits of his claims, because the litigation is only in the pleading stages; if the case proceeds beyond summary judgment, the Court would be in a better position to make that determination. However, if Plaintiff produces evidence to support the allegations in the Complaint, it is possible that Plaintiff could be successful. Plaintiff alleges that his Fourteenth Amendment rights and that his right to counsel have been violated. (Doc. 1.) Plaintiff has shown his ability to litigate these limited and relatively straightforward issues thus far. He has demonstrated an ability to articulate his claims *pro se* in light of the complexity of the issues involved. His pleadings and multiple motions are written clearly and are capable of being understood. Therefore, this case does not present exceptional circumstances such that the appointment of counsel is appropriate at this time. Accordingly, it is respectfully recommended that the Court **DENY** Plaintiff's Motion to Appoint Counsel without prejudice. (Doc. 10.)

/ / /

## VII. CONCLUSION

The Court respectfully submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72.1(c)(1)(d) of the Local Civil Rules of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an order (1) approving and adopting this Report and Recommendation; (2) **DENYING** Plaintiff's Motion for Summary Judgment without prejudice (Doc. 6); (3) **GRANTING** Plaintiff's Motion for Leave to Amend, and instructing Plaintiff to file an amended complaint during the objections period for this Report and Recommendation (Doc. 8); (4) **DENYING** Plaintiff's request for class certification (Doc. 8); and (5) **DENYING** Plaintiff's Motion to appoint counsel without prejudice.

**IT IS ORDERED** that no later than **March 22, 2019**, any parties to this action may filed written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 21, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: February 20, 2019

HON. RUTH BERMUDEZ MONTENEGRO
United States Magistrate Judge