UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE MOURNING,<br>Inmate Booking No. 1814430,<br><br>                   Plaintiff,<br><br>vs.<br><br>WILLIAM GORE; SECURUS TELEPHONE CO.; JOHN & JANE DOES 1 THROUGH 10,<br><br>                   Defendants. | Case No. 3:18-cv-02245-WQH-RBM<br><br>**ORDER DISMISSING ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

The matter before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendant William Gore. ECF No. 17.

**I.    Procedural History**

On September 26, 2018, Plaintiff Jeffery Lee Mourning, while formerly housed at the George Bailey Detention Facility ("GBDF") located in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. On January 3, 2019, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP") and directed the United States Marshal Service ("USMS") to effect

service of the Complaint on the named Defendants. *See* ECF No. 3. On February 13, 2019, Plaintiff filed a "Motion Pursuant to Amend." ECF No. 8. On February 20, 2019, United States Magistrate Judge Ruth Bermudez Montenegro construed this as a motion seeking leave to file an amended pleading and issued a Report and Recommendation recommending Plaintiff's Motion be granted. *See* ECF No. 12 at 12. On April 25, 2019, this Court adopted Magistrate Judge Montenegro's Report and Recommendation and informed Plaintiff that he "shall file an amended complaint, complete in itself without reference to the superseded pleading, within thirty days of the entry of this Order." ECF No. 14 at 2.

To date, Plaintiff has failed to amend and has not asked for an extension of time in which to do so. On August 5, 2019, Defendant William Gore filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 17.

## II. Defendant's Motion

Federal Rule of Civil Procedure 41(b) states, in part, that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Ninth Circuit has held that where a "plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint," the Court may "deem the dismissal to be for failure to comply with a court order" pursuant to Rule 41(b). *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017).

In this case, Plaintiff had thirty (30) days from the date the Court filed the April 25, 2019, Order to file his amended pleading. Plaintiff has not filed anything with this Court since February 13, 2019. *See* ECF No. 10. On September 20, 2019, the Court's briefing schedule was returned to the Court "undeliverable" with the notation "out of custody." ECF No. 19. "The failure of the plaintiff eventually to respond to the court's ultimatum– either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

### III. Conclusion and Order

Defendant Gore's Motion to Dismiss is GRANTED. This civil action is DISMISSED in its entirety without prejudice based on Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) in compliance with the Court's April 25, 2019, Order. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: October 30, 2019

Hon. William Q. Hayes
United States District Court